UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN PAUL TRAHAN                                          CIVIL ACTION

VERSUS                                                      NO. 14-210

ABDON CALLAIS OFFSHORE, L.L.C.                              SECTION "R" (3)

ORDER

On March 26, 2014, the Motion to Stay [Doc. #4] came on for oral hearing before the undersigned. Present were Ernest Chen on behalf of plaintiff and John Galloway on behalf of defendant Abdon Callais Offshore, Inc. ("Abdon"). After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition and the case law, the Court rules as follows.

I.   Background

The complaint alleges as follows. In early 2013, Abdon employed Trahan as a deckhand. On March 7, 2013, Abdon assigned Trahan to the *Callais Provider*. Captain Matthew Talley assigned Trahan to share a room with Chistopher Rhine, who was aboard the vessel to prepare meals for the crew. Trahan's duties required him to work around the galley and thus around Rhine. Over the next few days, Rhine made unwelcome sexual advances toward Trahan and directed sexually-suggestive remarks to him. On one occasion, Rhine put his hands on Trahan's shoulders and offered him a message.

Rhine later fondled Trahan's genitals on March 12, 2013, when Trahan awoke in the middle of the night to use the restroom. Trahan reported the incident to Captain Russell Pritchard, who informed Trahan that he would report it to Talley.

That same day, in the evening, Talley convened a "safety meeting." He confronted Rhine about the incident. Rhine admitted that he had done what Trahan alleged and offered to leave the vessel. Talley accepted the offer to leave but also stated that he would not report the incident up the chain of command to keep Rhine out of trouble.

Dissatisfied with Talley's handling of his complaint, Trahan told John Breaux, Jr., Chevron's safety supervisor, what had happened earlier that morning. Breaux brushed off Trahan's complaint and said words to the effect that such an incident "has happened to all of us at one time or another; if [Rhine] agreed to leave the vessel, let it go."

On March 13, 2013, Trahan was summoned to the wheelhouse, where a nervous Talley was on the telephone explaining to Abdon's safety supervisor what had happened and why he had not reported the incident immediately. After hanging up the phone, Talley paced back and forth and muttered his concern about losing his job. Talley and the vessel engineer, Richard Gray, were not pleased and called Trahan a "traitor" for going over Talley's head. Fearing further repercussion, Trahan told Abdon's safety supervisor that he was all right.

On March 14, 2013, the *Callais Provider* was sent out of the Leeville dock on another mission. At about midnight, Talley ordered Trahan to follow him to the Day Area, where two officials from Abdon's personnel department were waiting. They ordered Trahan to pack his belongings because "we need to get you off the boat before Chevron finds out about this hoopla." Within minutes, Trahan was whisked off in a Lincoln Navigator and dropped off at a nearby hotel

where he spent the rest of the night at his own expense.

On March 15, 2013, Trahan reported for work at Abdon's corporate office in Golden Meadow. He was told that his employment was terminated. Trahan filed a grievance with the Equal Employment Opportunity Commission and received a right-to-sue letter. Trahan ultimately sued Abdon in this Court, alleging retaliatory discharge in violation of Title VII, 42 U.S.C. § 2000e-3(a).

## II.    The Parties' Contentions

### A.    Abdon's Motion to Stay

Abdon attaches an arbitration agreement to its motion. The agreement provides that any claim resulting from employment with Abdon shall be settled by arbitration and that the substantive laws of Louisiana shall apply. Citing Louisiana Revised Statute § 9:4201, Abdon argues that the agreement is valid, irrevocable and enforceable.

Citing Section 9:4202, Abdon contends that if the Court is satisfied that the issue is referable to arbitration, it shall stay the lawsuit providing the applicant for the stay is not in default in proceeding with the arbitration. Abdon anticipates that Trahan will argue that it is in default in proceeding with arbitration. Trahan sued Abdon and others in state court in Orleans Parish. While there was some discovery in state court, the defendants filed Exceptions of Improper Venue, which the state court granted. Trahan dismissed the state-court suit and then filed suit here.

Abdon contends that arbitration was not a practical resolution to the state-court lawsuit as it involved numerous defendants and claims. Abdon maintains that it is now a practical resolution to this federal lawsuit because it involves only claims against Abdon, who has an arbitration agreement with Trahan. Abdon contends that there is a strong presumption in favor of arbitration and against finding waiver, especially in the absence of prejudice to the opposing party.

**B.     Trahan's Opposition**

Trahan maintains that Abdon has waived its right to arbitrate by waiting nearly a year to assert its right to arbitrate and by engaging in overt acts, in both state and federal courts, that evince a desire to resolve an otherwise arbitrable dispute through litigation. (Trahan admits that the arbitration agreement is valid and that the agreement covers the claim here.)

On April 2, 2013, Trahan sued Abdon and eight other defendants in state court. Abdon filed an exception of improper venue on April 24, 2013. On behalf of itself and others, Abdon answered Trahan's interrogatories with nuisance objections on July 10, 2013. That same day, Abdon also filed an exception of improper venue on behalf of a co-defendant. Five days later, Abdon answered Trahan's petition. Trahan notes that Abdon responded to requests for admission, interrogatories and answered Trahan's complaint on behalf of it and others. After Trahan removed his lawsuit to this Court, Abdon moved to remand, and the District Court remanded it on November 8, 2013. Trahan then dismissed his state-court lawsuit and sued Abdon here directly. Only then did Abdon assert its right to arbitrate.

Trahan notes that the Fifth Circuit has not established a fixed rule as to what constitutes "invoking the judicial process" to determine waiver; rather, it has examined each case individually. Trahan contends that in those cases where the court has found waiver, the party seeking arbitration had previously taken steps inconsistent with an intent to invoke arbitration and unreasonably delayed invoking arbitration. Trahan maintains that both elements are met here.

Trahan contends that for nearly a year, Abdon participated in the discovery process and obtained numerous documents that it would not have been able to obtain in arbitration. Trahan argues that Abdon's use of the pre-trial discovery process has forced him to reveal his hand. His

4

sworn testimony to certain matters – in his responses to Abdon's discovery requests – has revealed the strengths and weaknesses of his case. Trahan maintains that it is the fact of disclosure, not the specifics of its content, that constitutes prejudice here.

### C. Abdon's Reply

Abdon notes that it filed its motion to stay 23 days after Trahan filed suit in this Court. Abdon argues that Louisiana law requires that waiver must be decided by the arbitrator, not the Court. Abdon notes that only it has an agreement to arbitrate with Trahan, and had the state court granted a stay, only this claim would have proceeded to arbitration, not the other ones asserted against it by Trahan. Abdon thus argues that it would not have been practical to move to arbitrate in state court.

Abdon contends that it has done nothing to waive its right to arbitrate in this Court. Abdon notes that it promptly had the state-court suit dismissed, and any limited discovery does not constitute waiver.

### III. Law and Analysis

"There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010) (citation and internal quotation omitted). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Id.* (citation and internal quotation omitted). "To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Id.* at 589 (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999)). "Prejudice in the context of arbitration

waiver refers to delay, expense, and damage to a party's legal position." *Id.* at 591 (quoting *Nicholas v. KBR, Inc.*, 565 F.3d 904, 910 (5th Cir. 2009)). The Fifth Circuit has stated that "[t]hree factors are particularly relevant to the prejudice determination: (1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) (quoting *Republic Ins. Co. v. PAICO Receivables, L.L.C.*, 383 F.3d 341, 346 (5th Cir. 2004)) (internal quotation omitted).

Here, the Court finds that Abdon has not substantially invoked the judicial process so as to find that it waived its right to arbitrate. "The question of what constitutes waiver of the right of arbitration depends on the facts of each case." *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420 (5th Cir. 1985).[1] In *Williams v. Cigna Financial Advisors, Inc.*, the party seeking arbitration "removed the action to federal court, filed a motion to dismiss, filed a motion to stay proceedings, answered [the] complaint, asserted a counterclaim, and exchanged Rule 26 discovery." 56 F.3d 656, 661 (5th Cir. 1995). Nevertheless, the court determined that the party seeking arbitration had not substantially invoked the judicial process. *Id.* at 662. The court thus held that the party seeking arbitration had not waived its right to demand arbitration. *Id.*; *see also Tenneco*, 770 F.2d at 421-22 (rejecting waiver when defendant answered complaint, filed interrogatories and requests for production of documents, moved for a protective order and agreed to motion for continuance); *Southwest Indus. Import & Export, Inc. v. Wilmod Co., Inc.,* 524 F.2d 468 (5th Cir. 1975) (finding that seller-mover's participation in settlement discussions and self-help measure of reselling goods

---

[1] *Tenneco* is just one of the many cases that demonstrate that this Court has the authority to determine waiver. The Court thus rejects Abdon's argument on this point.

in dispute did not amount to waiver of contractual right to arbitrate); *J. & S. Constr. Co., Inc. v. Travelers Indem.*, 520 F.2d 809 (1st Cir. 1975) (rejecting waiver when defendant answered, demanded jury trial, answered interrogatories, permitted depositions, and waited thirteen months to move for stay); *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency Inc.*, 427 F.2d 924 (5th Cir. 1970) (finding no waiver when moving party filed answer denying liability and counterclaims, attempted to implead parties, and allowed taking of two depositions before demanding arbitration); *Hilti, Inc. v. Oldach*, 392 F.2d 368 (1st Cir. 1968) (finding right to arbitrate not waived by answering complaint on merits, participating in extensive discovery, and waiting nearly two years to demand arbitration particularly when defendant had initially moved for dismissal based on arbitration clause and asserted as special defense in its answer that certain claims were arbitrable); *Carcich v. Rederi A/B NORDIE*, 389 F.2d 692 (2d Cir. 1968) (rejecting waiver when third-party defendant participated in pre-trial procedures two years before requesting stay); *Baricuatro v. Indus. Personnel & Mgmt. Servs., Inc.*, 927 F. Supp. 2d (E.D. La. 2013) (finding no waiver when defendants waited five months to file motion to arbitrate, filed two motions to dismiss and reserved right to arbitration in first filing with the court); *Shales v. Discover Card Servs., Inc.*, No. Civ. A. 02-80, 2002 WL 2022596, *1 (E.D. La. Aug. 30, 2002) (rejecting waiver when defendant only removed suit to federal court and answered complaint and no scheduling order in place); *Am. Dairy Corp. v. Tantillo*, 536 F. Supp. 718 (M.D. La. 1982) (rejecting waiver when defendants filed counterclaim, answered plaintiff's interrogatories, filed interrogatories and motion for production, and waited nine months before filing motion to stay).

In this Court, Abdon has done nothing but move to stay the action and invoke its right to arbitrate. Abdon did so only 23 days after Trahan sued it here. In addition, this Court only entered

the scheduling order after Abdon had moved to stay. Whether Abdon participated in limited discovery in the state-court lawsuit, answered Trahan's petition and filed an exception of improper venue is of no moment. Neither does it matter that Abdon moved to remand this lawsuit to state court when Trahan improvidently removed it. Trahan has cited this Court to no case law – and this Court has found none – that would support the argument that a defendant's participation in another lawsuit in another forum bears on its right to arbitrate here. In any event, the Court has found case law in which a party has participated more than or at least to the same extent as Abdon participated in the state-court lawsuit and in which the courts have found no waiver. Trahan has not overcome the strong presumption against waiver and in favor of arbitration under the factual circumstances of this case.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Stay [Doc. #4] is GRANTED, and this lawsuit is STAYED pending arbitration.

**IT IS FURTHER ORDERED** that the Clerk of Court administratively CLOSE this matter pending further order of the Court.

New Orleans, Louisiana, this 21st day of April, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**