**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NORMAN PAUL TRAHAN**                                             **CIVIL ACTION**

**VERSUS**                                                                          **NO. 14-210**

**ABDON CALLAIS OFFSHORE, L.L.C.**                          **SECTION "R" (3)**

**ORDER**

Before the Court is the Motion to Re-Open Proceedings, Rescind the Arbitration Settlement, and to Set Trial on the Merits [Doc. #32] filed by now *pro se* plaintiff Norman Paul Trahan.  Having reviewed the motion, the opposition and the case law, the Court rules as follows.

**I.       Background**

The complaint alleges as follows.  In early 2013, Abdon employed Trahan as a deckhand. On March 7, 2013, defendant Abdon Callais Offshore, L.L.C. ("Abdon") assigned Trahan to the *Callais Provider*.  Captain Matthew Talley assigned Trahan to share a room with Chistopher Rhine, who was aboard the vessel to prepare meals for the crew.  Trahan's duties required him to work around the galley and thus around Rhine.  Over the next few days, Rhine made unwelcome sexual advances toward Trahan and directed sexually-suggestive remarks to him.  On one occasion, Rhine put his hands on Trahan's shoulders and offered him a message.

Rhine later fondled Trahan's genitals on March 12, 2013, when Trahan awoke in the middle of the night to use the restroom.  Trahan reported the incident to Captain Russell Pritchard, who

informed Trahan that he would report it to Talley.

That same day, in the evening, Talley convened a "safety meeting."  He confronted Rhine about the incident.  Rhine admitted that he had done what Trahan alleged and offered to leave the vessel.  Talley accepted the offer to leave but also stated that he would not report the incident up the chain of command to keep Rhine out of trouble.

Dissatisfied with Talley's handling of his complaint, Trahan told John Breaux, Jr., Chevron's safety supervisor, what had happened earlier that morning. Breaux brushed off Trahan's complaint and said words to the effect that such an incident "has happened to all of us at one time or another; if [Rhine] agreed to leave the vessel, let it go."

On March 13, 2013, Trahan was summoned to the wheelhouse, where a nervous Talley was on the telephone explaining to Abdon's safety supervisor what had happened and why he had not reported the incident immediately. After hanging up the phone, Talley paced back and forth and muttered his concern about losing his job. Talley and the vessel engineer, Richard Gray, were not pleased and called Trahan a "traitor" for going over Talley's head. Fearing further repercussion, Trahan told Abdon's safety supervisor that he was all right.

On March 14, 2013, the *Callais Provider* was sent out of the Leeville dock on another mission. At about midnight, Talley ordered Trahan to follow him to the Day Area, where two officials from Abdon's personnel department were waiting. They ordered Trahan to pack his belongings because "we need to get you off the boat before Chevron finds out about this hoopla." Within minutes, Trahan was whisked off in a Lincoln Navigator and dropped off at a nearby hotel where he spent the rest of the night at his own expense.

On March 15, 2013, Trahan reported for work at Abdon's corporate office in Golden

Meadow. He was told that his employment was terminated. Trahan filed a grievance with the Equal Employment Opportunity Commission and received a right-to-sue letter. Trahan ultimately sued Abdon in this Court, alleging retaliatory discharge in violation of Title VII, 42 U.S.C. § 2000e-3(a).

On February 18, 2014, Abdon filed a motion to stay [Doc. #4], arguing that an arbitration agreement trumped this lawsuit and that the parties needed to proceed to arbitration. Trahan opposed the motion [Doc. ##7 & 9], and the Court heard oral argument on the motion on March 26, 2014. The parties then consented to proceed before the undersigned. [Doc. #18]. Ultimately, this Court granted the motion to stay [Doc. #21] on April 21, 2014 and stayed the lawsuit pending arbitration. The parties proceeded to arbitration, and they ultimately settled. Trahan signed a Receipt and Release on January 21, 2015. [Doc. #34-1]. Abdon and Trahan then moved to voluntarily dismiss the lawsuit with prejudice on the ground that the parties had reached a settlement agreement. [Doc. #29]. This Court granted the motion. [Doc. 30]. Trahan now moves to re-open this lawsuit.

## II.    Law and Analysis

This Court has searched high and low on Westlaw and has been unable to find a definitive standard for a motion to re-open. In essence, however, plaintiff seeks relief from the judgment of this Court, *i.e.*, the order dismissing his lawsuit with prejudice. Accordingly, the Court will construe the motion as one for relief from judgment or reconsideration.

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba*. *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). Nevertheless, the Fifth Circuit has held that a motion for reconsideration may be classified under either Rule 59 or Rule 60, depending on the time of filing. *See id.; see also Lavespere v. Niagara*

3

*Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp* ., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).  Because plaintiff filed this motion after the 10 day cut-off for a motion to reconsider under Federal Rule of Civil Procedure 59(e), Rule 60 is applicable.

Under Rule 60(b), a court may reconsider an earlier order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence that could not have been discovered with due diligence in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct, (4) the order is void; (5) the order has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable for the order to have prospective application; or (6) any other reason justifying relief from the operation of the order.  Fed. R. Civ. P. 60(b). The sixth element is a "catch-all" factor that requires the mover to show extraordinary circumstances that justify reconsideration.  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted).

While plaintiff does not explicitly argue that any of the factors under Rule 60(b) applies, he asks the Court to re-open his lawsuit on the ground that the Federal Arbitration Act does not apply to him because he is a seaman.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).  He thus maintains that he should not have proceeded to arbitration.  This argument could fall under the rubric of mistake or excusable neglect – as neither party advanced this argument before – or it could fall under the catch-all provision of Rule 60(b)(6).  But "[a] pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994), and the failure to raise a potentially substantive argument at an earlier stage of this litigation does

4

not merit re-opening this lawsuit under the rules. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2011 WL 2443693, at *2 (E.D. La. June 14, 2011) ("If FCCI seeks to raise these substantive legal arguments[,] it must do so through the appropriate appellate channels; Rule 60(b)(1) relief is not available and it has missed its opportunity for review pursuant to Rule 59(e) . . . Because FCCI alleges substantive legal errors by the Court, relief pursuant to Rule 60(b)(6) is also not available.").

Whether or not the FAA applies to plaintiff as a seaman is of no moment at this point. Plaintiff filed this lawsuit under Title VII as an employee and not as a seaman. He participated in the arbitration and agreed to the settlement of the lawsuit. He signed the Receipt and Release and also the motion to dismiss his lawsuit ***with prejudice***. The settlement has been confected. Weighing the need to bring this litigation to an end and the need to render just decisions on the facts, this Court chooses not to re-open the litigation. *Warren v. Blockbuster Music, a Div. of Blockbuster Entm't Corp.*, No. Civ. A. 96-1018, 1997 WL 198066, at *3 (E.D. La. Apr. 22, 1997). This litigation must end, and this Court rendered no unjust decision on the facts. The parties settled and confected their agreement.[1]

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Re-Open Proceedings, Rescind the Arbitration Settlement, and to Set Trial on the Merits [Doc. #32] is DENIED.

New Orleans, Louisiana, this 30th day of April, 2015.

---

[1]    Because this Court denies the motion to re-open, it does not reach the issue of whether it should vacate the arbitration award.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**